ADELHEIT DIETZE, Appellant, *v.* FRANK HILLMAN REALTY COMPANY, Respondent, Impleaded with SADIE WUNST and CLARA TILL, Defendants.

OSCAR DIETZE, Appellant, *v.* FRANK HILLMAN REALTY COMPANY, Respondent, Impleaded with SADIE WUNST and CLARA TILL, Defendants.

First Department, May 19, 1922.

Nuisance — action for injuries suffered in falling into coal hole in sidewalk in New York city — coal hole is public nuisance, as matter of law, where no permit for construction given — verdict should be directed for plaintiff.

The defendant, the owner of a building in New York city, is liable to the plaintiff as a matter of law for injuries suffered by her when she fell into a coal hole in the sidewalk in front of its premises, regardless of any question of contributory

---

* Now Employers' Liability Law (Consol. Laws, chap. 74; Laws of 1921, chap. 121), § 2.— [REP.

negligence on the part of the plaintiff, and a verdict should be directed in her favor, where it appears that the building was constructed in 1906 and was sold to the defendant in 1907, with the coal hole then in front of the premises, that the accident happened in December, 1917, and it is affirmatively shown that the proper authorities of the city of New York had not given a permit for the construction of the coal hole in question.

The construction and maintenance of a coal hole in a sidewalk in the city of New York without permission from the proper authorities constitutes a public nuisance.

LAUGHLIN and SMITH, JJ., dissent, with memorandum.

APPEAL in the first above-entitled action by the plaintiff, Adelheit Dietze, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1920, setting aside the verdict of the jury for $850 in favor of the plaintiff as against the weight of the evidence and dismissing the complaint, and also from a judgment of the Supreme Court in favor of the respondent entered in said clerk's office on the 6th day of August, 1920, upon said order dismissing the complaint.

Appeal in the second above-entitled action by the plaintiff, Oscar Dietze, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1920, setting aside the verdict of the jury for $150 in favor of the plaintiff as against the weight of the evidence and dismissing the complaint, and also from a judgment of the Supreme Court in favor of the respondent entered in said clerk's office on the 6th day of August, 1920, upon said order dismissing the complaint.

*Tausch, Hamilton & Herrlich* [*J. Franklin Tausch* of counsel; *John Goodrum Miller* with him on the brief], for the appellants.

*Benjamin C. Loder* [*Clarence S. Zipp* of counsel], for the respondent.

GREENBAUM, J.:

The actions are for personal injuries alleged to have been sustained by the plaintiff Adelheit Dietze in December, 1917, by reason of her stepping upon an unsecured coal hole lid in front of the premises 208 East Eighty-second street, owned by the defendant Frank Hillman Realty Company. The defense was that the premises had been leased to the defendants Wuntz and Till and hence that the defendant Hillman Realty Company, the owner, was not liable. Upon the trial, the actions against the lessees Wuntz and Till were discontinued and the cases then proceeded solely against the Hillman Company, and pursuant to stipulation both actions were tried together and separate verdicts rendered.

Each complaint alleges that the maintenance of the coal hole was illegal and unlawful in that it was constructed and maintained without a permit from the municipal authorities in violation of the ordinances of the city and that such maintenance constituted a nuisance. The complaint also alleges that the defendant was guilty of negligence in not sufficiently protecting the coal hole cover by fastening from underneath.

There is no dispute upon this appeal as to the facts of the accident. The plaintiff, Adelheit Dietze, while walking on the sidewalk on a "pretty dark" evening, stepped on the coal hole cover, which she had not observed before she stepped on it and which slipped from its position precipitating her into the opening.

The plaintiffs called Albert A. Meeker as a witness, who testified that he was a clerk in the permit division of the department of public works and custodian of the records in that office relating to permits for vaults and excavations under the sidewalks; that he searched the records in his office and found no record of any application for a permit having been made nor of any permit having been granted for the construction or maintenance of a coal hole in front of the premises in question. Meeker further testified that his department was the only one which issued such permits and that the office records were complete commencing in 1857. It is undisputed that the building was erected in or about 1906 and was sold to the defendant in 1907 with the coal hole then in front of the premises.

At the close of the plaintiffs' case the defendant moved to dismiss the complaint on the ground that the coal hole was not a nuisance and that defendant is not liable as for negligence. The court reserved its decision. At the close of the entire case, defendant renewed its motion for a dismissal. The court thereupon granted the motion as far as it related to the claim of nuisance and submitted the case upon the sole question of negligence in the event that the jury found that the lease to Wuntz and Till was not *bona fide.* The jury returned separate verdicts for the plaintiffs and the court subsequently set each of them aside upon the ground that the evidence was insufficient to establish that the defendant was in such control and possession of the premises when the accident occurred as to make it liable for negligently maintaining the coal hole.

In view of the conclusion which we have reached on these appeals it will be unnecessary to consider the question as to whether the learned trial justice was justified in setting aside each of the verdicts of the jury on the ground that it was contrary to the weight of the

evidence. We think that the rights of the parties may be disposed of by a consideration of the question as to whether or not the defendant was liable as matter of law for the injuries sustained by the plaintiff by reason of the fact that the evidence conclusively established that no permit for the construction or maintenance of the coal hole in question was ever obtained from the municipal authorities. When the court withdrew from the jury the consideration of the question of nuisance, which was alleged in the plaintiffs' complaint, plaintiff took an exception to the ruling of the court.

The Code of Ordinances of the City of New York in force in 1906 provided in section 186 of article 6 of chapter 5 of part 1 as follows: " Every description of opening below the surface of the street in front of any shop, store, house or other building, if covered over, shall be considered and held to be a vault or cistern within the meaning of this article; and the master builder or owner, or person for whom the same shall be made or built, shall be liable to the provisions, payments and penalties of this article severally and respectively."

Sections 169, 170 and 171 of article 6 of chapter 5 of part 1 of the same Code of Ordinances provide that the presidents of the respective boroughs are empowered to give permission to construct any vaults within their respective territories (§ 169); that " no person shall cause or procure any vault * * * to be constructed or made in any of the streets of The City of New York, without the written permission of the Borough President having jurisdiction thereof, * * * " (§ 170), and that " every application for permission to erect such vault or cistern shall be in writing, signed by the person making the same * * * " (§ 171). (See Cosby's Code Ord. [Anno. 1914] pp. 36, 37, 40.)

The provisions in the Code of Ordinances in effect at the time of the happening of the accident in suit were substantially similar to those which were in force in 1906. (Code of Ordinances 1916, chap. 23, art. 17, § 240 *et seq.*, as amd. See Cosby's Code Ord. [Anno. 1918] p. 508 *et seq.;* Code of Ordinances of City of New York [ed. 1920–21], p. 470 *et seq.*)

It is too well settled to require the citation of many authorities that an unauthorized excavation in a public street impairing its safety is a public nuisance. (*Jorgensen* v. *Squires*, 144 N. Y. 281; *Deshong* v. *City of New York*, 176 id. 475.)

The *Deshong Case* (*supra*) gives an historical review of the legislative enactments and ordinances touching upon the matter of permits for the use of public streets, for vaults and other openings. That case also discusses the question as to the presumption that

arises from the continued existence of a vault for many years without protest or interference from the city authorities.

Speaking on this subject at page 483 the court says: "This presumption is not that the plaintiff or his grantors acquired any right to the use of the street by prescription or without the consent of the proper authorities; but that from such use it might be presumed that the proper consent was given. It is, however, a presumption only which may be dispelled by proof. It is not a presumption of a grant of the title or of a permanent right in the street, as no power exists in the authorities to make such a grant or to confer any such right." And at page 485, the court further says: "The law presumes that all officers entrusted with the custody of public files and records will perform their official duty by keeping the same safely in their offices, and if a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption thereupon arises that no such document has ever been in existence, and until this presumption is rebutted it must stand as proof of such non-existence."

In *Mahoney* v. *City of New York* (145 App. Div. 884, 886) this court, referring to the presumption that arose in that case by reason of the existence for fourteen years of a vault without any apparent objection on the part of the city authorities, said: "In order to overcome this presumption the defendant showed that by section 24 of chapter 446 of the Laws of 1857 the city was authorized to issue permits for street vaults; that such authority has been continued to the present time; that by an ordinance of the city since 1859 application for permission to construct vaults had to be made in writing, and signed by the person making the same, and that there was nothing in its records indicating that a permit had ever been granted for the construction of the old vaults. The presumption that existed by reason of use without objection that a permit had been issued was completely overcome by this proof."

In *Appleton* v. *City of New York* (163 App. Div. 680, 683) this court referred to the findings of the Special Term that the vaults which were there the subject of consideration "were constructed since the year 1859, and that no permit for the construction or use of the vaults was ever applied for by the plaintiffs or by their predecessors in title," and said: "Those findings and evidence of no record of the granting of a permit overcome any presumption that might otherwise arise from the great lapse of time. (*Deshong* v. *City of New York*, 176 N. Y. 475; *Title Guarantee & Trust Co.* v. *City of New York*, 205 id. 496.)"

In the case at bar the coal hole in question had been in existence

at the time of the trial for about eleven years, a sufficient length of time perhaps to justify the presumption that its construction and maintenance were acquiesced in by the city authorities. But the plaintiff as heretofore shown has submitted affirmative evidence that no permit for the construction of the coal hole was ever obtained. There was no attempt on the part of the defendant to controvert the evidence thus offered. It seems, therefore, to follow that as matter of law we must hold that the coal hole was a nuisance, and further, under familiar rules, that being a public nuisance, the owners must be held liable regardless of the question of any contributory negligence on the part of the plaintiff, who was injured.

Upon the undisputed evidence, the coal hole was a nuisance, and the learned trial court should have directed a verdict in favor of the plaintiff, leaving it to the jury to assess the damages.

The orders appealed from should be reversed, so far as they dismissed the complaints of the plaintiff, with costs, and in other respects affirmed, and the judgments thereon entered should be reversed, without costs to either party, and a new trial ordered.

CLARKE, P. J. and MERRELL, J., concur; LAUGHLIN and SMITH, JJ., dissent.

LAUGHLIN, J. (dissenting):

I dissent on the ground that the defendant is not chargeable as matter of law with knowledge of the nuisance, for it appears that the coal hole and sidewalk were constructed in connection with the erection of a new building on the premises about a year before defendant acquired them, and, therefore, it was justified in assuming, until it had notice to the contrary, of which there is no evidence, that the coal hole was duly licensed.

SMITH, J., concurs.

Orders reversed so far as they dismiss complaints, and in other respects affirmed, and judgments thereon entered reversed, without costs and a new trial ordered.